# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Glen Trader,**
**Claimant Below, Petitioner**

**v.)**    **No. 23-642**    (JCN: 2022025684)
                    (ICA Nos. 23-ICA-126 & 23-ICA-139)

**ACNR Resources, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glen Trader appeals the September 5, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Trader v. ACNR Res., Inc.*, Nos. 23-ICA-126 and 23-ICA-139, 2023 WL 5695905 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision). Respondent ACNR Resources, Inc., filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming two orders issued by the Board of Review ("BOR"). On March 2, 2023, the BOR affirmed the claim administrator's August 11, 2022, and September 15, 2022, orders denying authorization for a neurosurgical consult and a consult with Russell Biundo, M.D. In an order dated March 10, 2023, the BOR affirmed the claim administrator's November 1, 2022, order denying additional physical therapy, and the BOR further determined that Mr. Trader's compensable injury had reached maximum medical improvement and required no further treatment. The ICA consolidated the appeals filed by Mr. Trader and concluded that the BOR was not clearly wrong in finding that he failed to demonstrate that the requests for a neurosurgical consult and consult with Dr. Biundo are medically necessary for and reasonably related to his compensable thoracic strain. The ICA further concluded that the BOR was not clearly wrong in finding that the additional physical therapy at issue would be directed toward conditions not compensable in this claim.

On appeal, the claimant argues that the ICA's memorandum decision affirming the BOR's denial of authorization for a consultation with a neurosurgeon was clearly wrong because he developed continuous radicular pain as a result of his compensable injury. The claimant also asserts that his family physician, John Manchin, M.D., correctly referred him to Dr. Biundo, a physiatrist, when his symptoms persisted despite conservative treatment, and he was referred for an additional six weeks of physical therapy to treat his increased radicular symptoms. The employer counters these arguments by contending that the ICA correctly determined that the BOR

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Aimee M. Stern.

was not clearly wrong in concluding that a preponderance of the evidence demonstrates that the requested consults and additional physical therapy at issue would not be directed toward the claimant's compensable thoracic strain. Instead, the employer maintains that the additional physical therapy would treat the claimant's complaints of lower back pain radiating into his bilateral lower extremities, which are conditions not compensable in this claim.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, --- W. Va. ---, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: October 30, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

2